THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JESSE ROBERTS, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered March 31, 1970, convicting him of murder (two counts), upon a jury verdict, and imposing sentence. Judgment affirmed. No opinion. Rabin, P. J., Munder, Brennan and Benjamin, JJ., concur; Gulotta, J., dissents in part, with the following memorandum: While I concur in the affirmance of the portion of the judgment convicting defendant of common-law murder, I dissent from the affirmance with respect to the conviction for felony-murder and vote to reverse the latter portion of the judgment and to dismiss the felony-murder count of the indictment. In my opinion, the charge of the trial court with respect to felony-murder was not sufficiently clear to convey to the jury a proper understanding of the applicable principles of law. This deficiency is particularly significant in connection with the requirement that the jury find that defendant entered the deceased's apartment with the intent to commit a crime. Had the jury been properly charged, it might very well have concluded that the underlying felony of burglary had not been committed, since there was evidence to support a finding that defendant did not form an intent to commit either an assault or the ultimate homicide (the only two possibilities as conceded by the People's brief) until some time after he entered

the apartment. I do not believe that the additional instructions given at the request of defense counsel provided sufficient clarification of this point. Furthermore, where the predicate burglary is with the intent to commit either of those crimes it is doubtful that such can or was ever intended to form the basis for a felony murder, since the intent to assault and certainly the intent to commit a homicide both merge in the utlimate homicide. In addition, in my opinion, the charge was improper in two other respects: (1) although the court did charge that the indictment was proof of nothing, its references to the internal proceedings of the grand jury, and particularly to the number of votes required to indict, were unnecessary and could only have prejudiced defendant and (2) the charge with respect to the defense of alibi implied that such testimony must be "unsuspected" before the jury could consider it and imposed a standard to be applied to such testimony which is more stringent than that applicable to any other type of testimony (see *People* v. *Johnson,* 37 A D 2d 733, decided herewith; dissent by Hopkins, J., in *People* v. *Lorez,* 28 A D 2d 726, affd. 21 N Y 2d 733). However, in view of the overwhelming proof of guilt supporting the conviction for common-law murder, the ameliorating portions of the charge relative to the indictment and the fact that no exception was taken to either portion of the charge (cf. *People* v. *Johnson, supra),* I do not believe that the interests of justice require a reversal of that conviction upon these grounds.